IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MICHAEL WILLIAMS,** )<br>)<br>Defendant. ) | Case No. 18-cr-30007 |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Michael Williams' Amended Motion for Compassionate Release (d/e 43) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

On June 11, 2018, Defendant entered an open plea of guilty to one count of Possession with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Minute Entry, June 11, 2018; Indictment, d/e 10.  On October 15,

2018, the undersigned district judge sentenced Defendant to a total term of 120 months of imprisonment, consisting of 60 months on each of the two counts to be served consecutively to each other. Minute Entry, October 15, 2018; Judgment 2, d/e 33.  A 4-year term of supervised release was also imposed on each count with the terms to run concurrently with each other.  Minute Entry, October 15, 2018; Judgment 3.

Defendant is currently serving his sentence at FCI Terre Haute, in Terre Haute, Indiana.  Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed December 11, 2020).  Defendant's projected release date is August 3, 2026.  Id.

On November 27, 2020, Defendant filed a pro se motion for compassionate release (d/e 41) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On December 7, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release (d/e 43) was filed. Defendant requests compassionate release due to his health issues and the COVID-19 pandemic.  According to Defendant's amended motion, Defendant has been diagnosed with pulmonary emphysema, chronic obstructive pulmonary disease (COPD),

asthma, high blood pressure, Type II diabetes, and chronic renal failure. Am. Mot. Compassionate Release 2 (citing PSR ¶ 75). Defendant also has a body mass index (BMI) of 35.9, which is considered to be obese. Id. According to Defendant's motion, Defendant made a request for compassionate release to the warden of his facility, which the warden denied. Id. at 10.

If released from custody, Defendant proposes to reside with his grandmother at her home in Shelbyville, Illinois. Id. at 22. The United States Probation Office addressed Defendant's request for compassionate release in a Memorandum (d/e 48), but the assigned Probation Officer learned that Defendant's grandmother is currently hospitalized and was therefore unable to contact her. Probation's Mem. 1.

On December 10, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 49). The Government argues in the Response that Defendant's motion for compassionate release should be denied because Defendant has failed to exhaust his administrative remedies. Id. at 2. According to the Government, the Bureau of Prisons (BOP) has no record of Defendant having sought compassionate release through BOP's

administrative process prior to filing his motion.  Resp. 4.  The Government also argues that if the Court were to consider the merits of the motion for compassionate release that the Court should still deny the motion based on Defendant's criminal history.  Id. at 2.

As of December 11, 2020, BOP reports 158 active confirmed inmate cases of COVID-19 and 21 active confirmed staff members cases of COVID-19 at FCI Terre Haute.  See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed December 11, 2020).

On December 11, 2020, the Court held a hearing on Defendant's Amended Motion for Compassionate Release by video. Defendant appeared by telephone from FCI Terre Haute.  At the hearing, the Court heard from Defendant's Case Manager, who reported to the Court that Defendant had pursued the administrative process through BOP and that Defendant was, in the Case Manager's words, "court ready."  Based on the Case Manager's representations, the Government withdrew its objection to the motion based on failure to exhaust administrative remedies. Defendant and his attorney also provided the Court with additional

information regarding Defendant's proposed release plan.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting thirty days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of

> Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Based on the BOP Case Manager's representations at the hearing on Defendant's motion, the Government withdrew its objection to Defendant's motion on grounds of failure to exhaust administrative remedies. Accordingly, the Court finds that Defendant has exhausted his administrative remedies as required by statute.

As Defendant's motion is properly before the Court, the next issue is whether Defendant is eligible for compassionate release. For Defendant to be eligible for compassionate release, the Court, must determine that "extraordinary and compelling reasons"

warrant a reduction in Defendant's term of imprisonment and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If the Court determines that extraordinary and compelling circumstances warranting a reduction in a defendant's sentence exist, the Court must then "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable" in order to determine if a sentence reduction is appropriate under the particular circumstances of the case. 18 U.S.C. § 3852(c)(1)(A).

    1.    <u>Extraordinary and Compelling Reasons for Release</u>

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

Defendant is a fifty-two-year-old white male who suffers from pulmonary emphysema, COPD, asthma, high blood pressure, Type II diabetes, chronic renal failure, and obesity. Am. Mot.

Compassionate Release 2. On November 2, 2020, the Centers for Disease Control and Prevention (CDC) revised its guidelines concerning persons who are at higher risk for severe illness from COVID-19 based on the available evidence.[1] According to the most recent information from the CDC, "[h]aving COPD (including emphysema and chronic bronchitis) is known to increase your risk of severe illness from COVID-19."[2] The CDC's guidance also indicates that "[h]aving chronic kidney disease of any stage increases your risk for severe illness from COVID-19."[3] The most recent guidance from the CDC also indicates that individuals with a BMI of thirty or more are at risk of severe illness from COVID.[4] As

---

1. See Coronavirus Disease 2019 (COVID-19) – People at Increased Risk of Severe Illness – People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed Dec. 11, 2020).
2. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#copd (last accessed Dec. 11, 2020).
3. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#chronic-kidney-disease (last accessed Dec. 11, 2020).
4. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity (last accessed Dec. 11, 2020).

previously stated, Defendant has a BMI of 35.9, which qualifies as obese. Additionally, the CDC's guidance states that "[h]aving type 2 diabetes increases your risk of severe illness from COVID-19."[5] Finally, according to the CDC, based on the evidence available at this time, people with hypertension[6] and moderate to severe asthma[7] might be at increased risk of severe illness from COVID-19. In sum, Defendant—who has four underlying medical conditions that place him at greater risk and two conditions that may increase his risk of serious illness or death from COVID-19—remains at risk of imminent harm. Based on these facts and Defendant's medical conditions, the Government does not dispute that extraordinary and compelling circumstances are present in this case.

---

5. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#diabetes (last accessed Dec. 11, 2020).
6. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions (last accessed Dec. 11, 2020).
7. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#asthma (last accessed Dec. 11, 2020).


The Court then must turn to the factors set out in 18 U.S.C. § 3553(a). Defendant is currently serving a 120-month term of imprisonment for one count of possession with intent to distribute 50 grams or more of methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking offense. According to BOP records, Defendant is scheduled to be released from BOP custody on August 3, 2026.

Defendant has completed a number of educational courses during his term of imprisonment. See Inmate Education Data Transcript, d/e 47-3. Defendant has also been assigned to the Camp GM Machine detail and has received satisfactory evaluations from his supervisor. Summary Reentry Plan – Progress Report, d/e 47-5. Defendant has also completed a drug education program and has no disciplinary history while in the custody of BOP. Id.

The Probation Office was unable to investigate Defendant's proposed residence if he is released based on Defendant's grandmother's hospitalization, but at the hearing on Defendant's motion, Defendant stated that he believed he would be able to reside at his grandmother's residence immediately. Additionally, Defendant expressed remorse for his criminal conduct and stated

that he does not wish to return to his former way of life. Defendant further stated that he struggled with drug addiction, but that he has now been abstinent for three years. The Court has considered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

2. <u>Sentencing Commission Policy Statements</u>

The relevant policy statement, § 1B1.13 of the Sentencing Guidelines, explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "(1)(A) extraordinary and compelling reasons warrant the reduction; . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13 (2018).

The commentary to § 1B1.13 provides certain circumstances constituting "extraordinary and compelling reasons" that warrant a sentence reduction.[8] U.S.S.G. § 1B1.13 cmt. n.1. One of the

---

8. The Court notes that § 1B1.13 of the Sentencing Guidelines has not been amended to reflect all of the additional language added to 18 U.S.C. § 3582(c)(1)(A). As it stands, § 1B1.13 only refers to a reduction "upon the

circumstances is where a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Another circumstance is where "an extraordinary and compelling reason other than, or in combination with," the listed circumstances is present. U.S.S.G. § 1B1.13 cmt. n.1(D). As discussed above, in this case, Defendant has serious underlying physical and medical conditions which are present in combination with the extraordinary and compelling reason presented by the COVID-19 pandemic.

The Court also considers whether Defendant is a danger to the safety of any other person or to the community. See U.S.S.G. § 1B1.13. If released, if Defendant quarantines himself and practices social distancing, that will diminish the risk of spreading the virus. Most of Defendant's prior convictions are for driving offenses. See PSR 9-17. As mentioned previously, Defendant has no BOP disciplinary history has completed drug education classes and

---

motion of the Director of the Bureau of Prisoners," which is not the situation here. No sentencing policy provides guidance for when a defendant files a motion. Nevertheless, the Court still considers § 1B1.13.

educational coursework while in custody.

Therefore, the Court finds that Defendant has satisfied all requirements for compassionate release.

### III. CONCLUSION

For the reasons set forth above, Defendant Michael Williams' Amended Motion for Compassionate Release (d/e 43) is GRANTED. The Court hereby reduces Defendant's term of imprisonment in this case from 120 months to time served plus 72 hours.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend six months in home confinement, with the first fourteen days to be spent in isolation. The home confinement shall start as soon as possible after his term of supervised release begins. During his term of home confinement, Defendant shall be monitored by telephonic monitoring until such time as it is safe for the Probation Office to implement electronic monitoring. All other aspects of Defendant's sentence shall remain the same. Defendant's pro se motion for compassionate release (d/e 41) is DENIED as MOOT.

By text order dated December 11, 2020, the Court directed the Bureau of Prisons to administer a COVID-19 test on Defendant

within 24 hours of that text order and to place Defendant in isolation. The Bureau of Prisons is DIRECTED to provide the test results to the Court and to the attorneys for the parties. If Defendant tests negative, BOP is DIRECTED to release Defendant. If Defendant tests positive, the Court will set a hearing on the matter. The Clerk is DIRECTED to send a copy of this Opinion to FCI Terre Haute.

Defendant must further observe a fourteen-day isolation period beginning at the time of his release, including while he travels from FCI Terre Haute to his residence. Defendant shall travel to his residence in a vehicle with three-row seating that allows him to follow the CDC's social distancing guidelines, which include staying at least six feet from others and wearing a face mask and gloves.

ENTER: December 11, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE